# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SAPA PRECISION TUBING ROCKLEDGE, LLC,**

      **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:16-cv-22-Orl-31KRS**

**TEX-MEX RECYCLING, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration *sua sponte* based upon the Court's review of the case for subject-matter jurisdiction. A district court has the obligation, at the earliest possible stage in the proceedings, to examine a removal *sua sponte* and determine whether the removal was proper and whether subject matter jurisdiction may be lacking. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999); *Reed v. State*, No. 8:13-cv-235-T-30AEP, 2013 U.S. Dist. LEXIS 14656, at *3 (M.D. Fla. Feb. 4, 2013). Because removal jurisdiction raises unique federalism concerns, a district court must construe removal statutes strictly. *Univ. of S. Ala.*, 168 F.3d at 411.

Defendant Tex-Mex Recycling, LLC removed this case on January 7, 2016. Doc. No. 1. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." In its notice of removal, Defendant contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1332, which provides district courts with subject-matter jurisdiction over all civil actions in which the matter in controversy exceeds $75,000.00 and the parties are citizens of different states. Doc. No. 1 ¶ 4.

The factual allegations of the complaint and notice of removal are insufficient to establish diversity of citizenship. An unincorporated entity, such as a limited liability company or partnership is a citizen of every state in which each of its members or partners is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1021-22 (11th Cir. 2004). Defendant alleges that it is a limited liability company, and that its "sole member is Andrew Hettinger, who is domiciled in Texas." Doc. No. 1 ¶ 6; Doc. No. 2, at 4. These allegations suggest that Defendant is a citizen of Texas. However, with respect to Plaintiff Sapa Precision Tubing Rockledge, LLC ("Precision Tubing"), Defendant only alleges that Precision Tubing is a Delaware limited liability company with a principal office in Florida. Doc. No. 1 ¶ 5. Without also identifying the members of Precision Tubing and their citizenship(s) these allegations are insufficient to establish the citizenship of Precision Tubing.

On March 14, 2016, I entered an Order to Show Cause why this case should not be remanded for lack of subject-matter jurisdiction. Doc. No. 24. In that order, I directed Defendant to file a response that identifies each member of Precision Tubing. *Id.* at 2. If any member of Precision Tubing is itself an entity, Defendant was required to provide sufficient information for the Court to determine the citizenship of that entity. I also instructed Defendant that its response should be supported by evidence in the form of an affidavit or declaration under penalty of perjury. *Id.*

On March 31, 2016, Defendant submitted its response to the Order to Show Cause. Doc. No. 29. The response indicated that the managing member of Precision Tubing is Sapa Extrusions North America, LLC ("Extrusions LLC"), and that the managing member of that entity is Sapa Extrusions, Inc. ("Extrusions Inc.") *Id.* at 4. The response also indicated that Extrusions Inc. is a Delaware corporation with its principal place of business located in Rosemont, Illinois. *Id.* Among other documents, Defendant attached to its response various Florida Secretary of State

filings; the declaration of Krista Cammack, Esq.; and Precision Tubing's responses to Defendant's request for admissions. Doc. Nos. 29-2 through 29-7. Although these documents support the assertions made in the response, neither the response nor the supporting documentation is sufficient to identify all of the members of Precision Tubing. The fact that Extrusions LLC is Precision Tubing's managing member does not mean that Precision Tubing has no other members. Similarly, the fact that Extrusions Inc. is Extrusions LLC's managing member does not mean that Extrusions LLC has no other members. Therefore, Defendant has failed to resolve the jurisdictional deficiencies concerning Precision Tubing's citizenship and remand is required.[1] *Cf. Duke Energy Corp. v. Greenpointe Holdings, LLC*, No. 8:14-cv-3163-T-33TBM, 2015 U.S. Dist. LEXIS 27044, at *6-7 (M.D. Fla. Mar. 5, 2015) (finding that a plaintiff that identified the managing member of a limited liability company did not sufficiently allege that entity's citizenship because it did not allege that the managing member was the sole member of the limited liability company).

Accordingly, I **RESPECTFULLY RECOMMEND** that this case be **REMANDED** for want of subject-matter jurisdiction and that the Clerk of Court be directed, thereafter, to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

---

[1] As a further indication that Precision Tubing's citizenship is not necessarily limited to Illinois and Delaware, in its response to Defendant's request for admissions Precision Tubing states that "its citizenship *includes* Illinois and Delaware." Doc. No. 29-7, at 3 (emphasis added).

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 4, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy